[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #102
The plaintiff has brought this two-count complaint against the defendants alleging employment discrimination on the basis of sexual orientation. The first count of the complaint is brought pursuant to Conn. Gen. Stats. § 46a-81c which provides that it shall be a discriminatory employment practice to refuse to hire a person because of that person's sexual orientation.
The defendants move to dismiss the first count of the complaint on the basis that the court lacks subject matter jurisdiction since the plaintiff has failed to exhaust his administrative remedies before the Commission on Human Resources and Opportunities (CHRO). Upon oral argument the plaintiff did not contest the assertion by the defendants that there is presently pending a complaint by the plaintiff before the CHRO which to date has not been acted on.
Furthermore, the plaintiff does not take issue with the defendants' argument that, if there exists an adequate administrative remedy, such remedy must be exhausted before there may be resort to the courts. It is the claim of the plaintiff, however, that the CHRO cannot award compensatory damages, punitive damages, or attorney's fees, and since those claims are being made in this case, the plaintiff does not have available to him an adequate administrative remedy. The defendants counter such claim by making the argument that the plaintiff does have an adequate administrative remedy, since the superior court can award no more damages than can the CHRO, regardless of the claims being made by the plaintiff in this action.
Interestingly, both sides, in support of their respective positions, rely upon the Connecticut Supreme Court case ofBridgeport Hospital v. Commission on Human Rights,232 Conn. 91 (1995). In the opinion of this court the defendants' analysis of the holding of Bridgeport Hospital is CT Page 12889 correct and mandates the dismissal of the first count of the complaint in this case for failure to exhaust administrative remedies.
Conn. Gen. Stats. § 46a-86 (b) allows the CHRO, upon a finding of a discriminatory employment practice, to order the hiring or reinstatement of an employee along with back pay. Subsection (c) of § 46a-86 allows certain other damages, including compensatory damages and attorney's fees, but only as to those discriminatory practices enumerated in that subsection. Employment discrimination based upon sexual orientation, giving rise to a claim pursuant to § 46a-81c is not one of those practices which is enumerated in either subsection (c), or subsection (d) of § 46a-86.
According to Justice Katz, in Bridgeport Hospital,
the exclusion of § 46a-81c from § 46a-86(c), or (d), represents an expression of legislative intent that damages for a violation of § 46a-81c be limited to those set forth in §46a-86 (b). supra, at p. 106. If the legislature creates a cause of action which was not recognized at common law, damages may be recovered only to the extent that they have been specifically provided for in such legislation. Lynn v. HaybusterManufacturing, Inc., 226 Conn. 282 (1993).
Therefore, it is the opinion of the court that the damages which may be recoverable in the superior court, for an alleged violation of § 46a-81c are no greater than those which can be awarded by the CHRO under § 46a-86. Therefore, the plaintiff does have an adequate administrative remedy which must be exhausted before he may bring an action in this court based upon a violation of § 46a-81c.
The motion of the defendants to dismiss the first count of the complaint is therefore granted.
Bruce W. Thompson, Judge