[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 19, 1996
The plaintiff, George Rood, filed a second revised complaint, dated May 16, 1996, against the defendant, Canteen Corporation (Canteen). The complaint arises out of the employment termination of Rood, who had worked for Canteen as a food service worker at a prison operated by the Connecticut Department of Corrections (DOC). Rood alleges that he was terminated because of his dealings with a former prisoner. Specifically, Rood alleges that he hired a former inmate of the prison. Hector Vasquez, to paint his house, and because Vasquez had no means of transportation, Vasquez stayed overnight at Rood's home. Rood further alleges that he informed Vasquez's parole officer of this plan, and the parole officer did not object to the arrangement. Shortly after Vasquez began working for Rood, Rood alleges that he was informed by Canteen that he had been suspended from work because of his "relationship" with Vasquez. Rood alleges that the suspension and subsequent termination, which occurred two weeks later, were the result of false accusations that Rood and Vasquez were involved in a homosexual relationship and that Rood supplied illegal narcotics to Vasquez.
Rood alleges that he was not afforded a hearing before the firing, and that he had a valid contract with Canteen at the time of his termination. He further alleges that the deputy warden of CT Page 5547 the prison, Stephen H. Clarke, interfered with this contractual relationship by helping to facilitate his termination.
In count one, Rood seeks damages, including lost wages and benefits, incidental and consequential damages, and damages for emotional distress. In count ten, Rood alleges that Canteen is liable for negligently investigating the accusations made against him.
On June 4, 1996, Canteen filed a motion to strike counts one and ten of the second revised complaint. The motion was accompanied by a memorandum of law and copies of three cases relied upon by Canteen. On June 12, 1996, Rood filed a memorandum in opposition to the motion to strike.
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.) RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff . . . A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citations omitted; internal quotation marks omitted.)Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,215, 618 A.2d 25 (1992).
COUNT ONE
Canteen moves to strike count one of the second revised complaint on the ground that Rood has an adequate statutory remedy that bars his common law cause of action. Canteen argues that while Rood's allegations in count one include common law wrongful termination, Rood's only legitimate claims lie in his allegations of violations of General Statutes § 48a-81c (Sexual Orientation; Discrimination in Employment) and General Statutes § 46a-81(d) (Sexual Orientation Discrimination; Services of State Agencies). Canteen argues, therefore, that count one must be stricken because Rood has an adequate remedy provided to him by the Commission on Human Rights and Opportunities (CHRO), and in light of this statutory remedy, CT Page 5548 common law remedies are unavailable to him.
In response, Rood contends that he has no adequate statutory remedy. He maintains that when he pursued an action with the CHRO, the CHRO simply issued a finding of "no merit," leaving Rood with no remedy, except to appeal for reconsideration by the CHRO. Rood argues that legal developments in the interim made this an exercise in futility. He claims that when he filed his complaint, the CHRO had several legal remedies available to suit his needs. However, while Rood's case was pending with the CHRO, the Connecticut Supreme Court issued its decision in BridgeportHospital v. CHRO, 232 Conn. 91, 653 A.2d 782 (1995), in which the court held that the CHRO did not have legal authority to award either damages for emotional distress as the result of discrimination, or private attorney's fees. According to Rood, this decision left further pursuit of his claims a moot point, because CHRO's remedies were now inadequate and incomplete. Because the remedies were inadequate, Rood contends that he has the right to pursue this action in front of this court.
The Connecticut Supreme Court has stated that "where a statute has established a procedure to redress a particular wrong a person must follow the specified remedy and may not institute a proceeding that might have been permissible in the absence of such a statutory procedure." Norwich v. Lebanon, 200 Conn. 697,708, 513 A.2d 77 (1986). The Appellate Court has further stated that "[a] finding that certain conduct contravenes public policy is not enough by itself to warrant the creation of a contract remedy for wrongful dismissal by an employer. The cases which have established a tort or contract remedy for employees discharged for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated." Atkins v. Bridgeport Hydraulic Co., 5 Conn. App. 643,648, 501 A.2d 1223 (1985). "Therefore, a cause of action in tort for wrongful termination . . . exist[s] only when a discharge violates public policy and the employee is otherwise without remedy." Deura v. Greenwich Hospital, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 140029, 14 CONN. L. RPTR. 49 (April 10, 1995) (D'Andrea, J.).
In the present case, Rood seeks damages for his allegedly wrongful discharge due to his sexual orientation. Among the items he seeks are reinstatement, lost wages and benefits, lost future CT Page 5549 earnings and benefits, damages for emotional distress and damage to his reputation. Pursuant to the holdings in the cases cited above, a common law action is allowed for wrongful discharge only when no adequate statutory remedy exists. General Statutes §46a-81c applies to cases, such as this, in which an employee has been wrongfully discharged due to sexual orientation. According to this statute and other related statutes, the CHRO is the appropriate forum for an action based upon sexual orientation discrimination. General Statutes § 46a-82. General Statutes § 46a-86 provides the remedies which are available if discrimination is found. General Statutes § 46a-86d, which provides that the CHRO may award damages for certain discriminatory practices, specifies that damages may only be awarded for violations of § 46a-66 or 46a-81f. The statute is silent as to whether damages may be awarded for violations of § 46a-81c. The Supreme Court has recently addressed this silence, stating that "[o]f even greater import is [the legislature's] obvious exclusion from the coverage of §46a-86(c) and (d) of any discriminatory practice prohibited by §46a-81c, which prohibits sexual orientation discrimination in employment. By differentiating among the various provisions of §§ 46a-81b, 46a-81c, 46a-81e and 46a-81f, all of which became law upon the passage of P.A. 91-58, § 46a-86(c) and (d) reflect a clear intention by the legislature to restrict the scope of both subsections to only certain types of discrimination." Bridgeport Hospital v. CHRO, supra, 232 Conn. 106. The court concludes that General Statutes § 46a-86 does not provide an adequate remedy for sexual orientation discrimination. Moreover, because Rood's complaint was dismissed by the CHRO, he has the right to pursue this action in the Superior Court, pursuant to General Statutes § 46a-94a.[1]
According to § 4-183, Rood can bring the present action so long as he "has exhausted all administrative remedies available" and so long as he "is aggrieved by a final decision" of the CHRO. Rood has attempted to seek relief from the CHRO pursuant to §46a-81c, the only applicable statute, and his petition was dismissed. He has, therefore, met the requirements of §4-183. In addition to statutory law on exhaustion of remedies, the Supreme Court has stated that "[w]e have also recognized an exception to the exhaustion requirement where recourse to the administrative process is futile or provides an inadequate remedy. . . An administrative remedy is futile or inadequate if the agency lacks authority to grant the requested relief." Paynev. Fairfield Hills Hospital, 215 Conn. 675, 680 n. 3, CT Page 5550577 A.2d 1025 (1990). In the present case, General Statutes § 46a-86
does not give the CHRO the authority to grant the requested relief. The court concludes that Rood has exhausted his CHRO remedies, and so, pursuant to § 4-183 and Payne v. FairfieldHills Hospital, Rood may bring this action in front of this court. Accordingly, Canteen's motion to strike count one of Rood's second revised complaint is denied.
COUNT TEN
Canteen moves to strike count ten on the ground that Connecticut courts do not recognize a cause of action resulting from an employer's negligent investigation. In response, Rood contends that Canteen agreed that it would not terminate an employee without just cause. Rood further maintains that his termination violated rights of procedure guaranteed to him in Canteen's Employee Handbook. Rood argues that Canteen assumed a duty to follow certain procedures when dismissing employees. He maintains his rights were violated by Canteen's failure to conduct a thorough investigation and failure to give Rood an opportunity to be heard.
"The Connecticut Supreme Court has already determined that a negligent investigation of alleged misconduct of an at will employee does not violate public policy." Pace v. BristolHospital, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 461146, 13 CONN. L. RPTR. 73 (November 4, 1994) (Handy, J.), citing Morris v. Hartford CourantCo., 200 Conn. 676, 680, 513 A.2d 66 (1986). Connecticut courts have not, however, faced the issue of whether an employer, who publishes a handbook which outlines termination procedures, and then fails to follow such procedures may be held liable for negligence. In situations like this, Connecticut courts often look to the courts of other states for precedent. In Schipani v.Ford Motor Co., 302 N.W.2d 307 (Mich.App. 1981), the Michigan Court of Appeals faced this issue. In that case, the plaintiff, employee, alleged that his termination violated his contractual rights derived from the employer's handbook, policies, and procedures. The court stated that "[u]nder a contract terminable at will, an employee may be terminated with or without cause. . . Even an arbitrary and capricious discharge is not actionable under a contract terminable at will . . . We hold only that an employer's express agreement to terminate only for cause, or statements of company policy and procedure to that effect, can give rise to rights enforceable in contract." Schipani v. FordCT Page 5551Motor Co., supra, 302 N.W.2d 310.
In the present case, Rood was an employee at will, and so he could be terminated at any time. He alleges, however, that certain procedures were established in the employee handbook which assured him a hearing and the right to appeal. In the absence of this handbook. Canteen would have owed no duty of care in investigating the charges against Rood. However, if the handbook did exist and did establish such procedures, then Canteen had a duty to abide by those procedures. In deciding this motion, "[t]he court must construe the facts in the complaint most favorably to the plaintiff," and so it must presume the existence of the handbook. Novametrix Medical Systems, Inc. v.BOC Group, Inc., supra, 224 Conn. 215. Interpreting the details of the handbook and the question of whether Canteen failed to follow its procedures is left for determination by the trier of fact. Rood has sufficiently alleged a cause of action for negligent investigation. Accordingly, Canteen's motion to strike count ten is denied.
POTTER, J.