[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS
The plaintiff, Ellen Fritz, has filed a six-count complaint against the defendants, Guida-Fenton Opthalmology Associates ("Guide-Fenton") and Dr. Robert Fenton. Count one alleges that Guida-Fenton was the plaintiff's employer and that the defendants committed religious and ancestry discrimination in violation of General Statutes § 46a-60 (a)(1). Counts two, three and six allege that Dr. Fenton committed various acts which constituted assault and battery, intentional infliction of emotional distress, and invasion of privacy. Counts four and five allege negligent infliction of emotional distress and negligent hiring on the part of Guida-Fenton. The defendants have now moved to dismiss count one of the plaintiff's complaint and "all allegations of discrimination referenced in the remaining five counts" of the complaint on the ground that this court lacks CT Page 8602 subject matter jurisdiction to adjudicate these claims.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upsonv. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v. Aronson, 214 Conn. 256, 264,571 A.2d 696 (1990). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988).
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46
n. 13, 668 A.2d 1314 (1995). "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Figueroa v. C S. BallBearing, 237 Conn. 1, 4, 675 A.2d 845 (1996). "[P]arties cannot confer subject matter jurisdiction on the court, either by waiver or by consent." Jolly Inc. v. Zoning Board of Appeals,237 Conn. 184, 192, 676 A.2d 831 (1996). "It is a settled principle of administrative law that, if an adequate remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Internal quotation marks omitted.) Simko v.Ervin, 234 Conn. 498, 503, 661 A.2d 1018 (1995). "Because the exhaustion doctrine implicates subject matter jurisdiction, [the court] must decide as a threshold matter whether that doctrine requires dismissal of the plaintiff's claim." Concerned Citizensof Sterling v. Sterling, 204 Conn. 551, 556, 529 A.2d 666 (1987).
Pursuant to the Connecticut Fair Employment Practices Act, § 46a-60 (a)(1), the plaintiff had filed a discrimination claim against the defendants with the Connecticut Commission on Human Rights and Opportunities (CHRO), which dismissed the plaintiff's claim on September 4, 1996. The plaintiff's timely request for reconsideration was denied on December 3, 1996. The plaintiff did not appeal these decisions, and the defendants now CT Page 8603 assert that because the plaintiff did not fully exhaust her administrative remedies by appealing these decisions, this court does not have subject matter jurisdiction over any of the plaintiff's claims that relate to employment discrimination. The defendants also contend that the plaintiff failed to obtain a timely release to sue from the CHRO as required by General Statutes § 46a-101.
The plaintiff counters that she did not have to exhaust the administrative remedies available through CHRO because those remedies are inadequate. Furthermore, the plaintiff argues that, because she in fact brought her complaint to CHRO, which complaint was dismissed by that agency, she has sufficiently exhausted her administrative remedies.
In Cannata v. Department of Environmental Protection,215 Conn. 616, 577 A.2d 1043 (1990), the court emphasized that "[i]t is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter . . . We have frequently held that where a statute has established a procedure to redress a particular wrong a person must follow the specified remedy and may not institute a proceeding that might have been permissible in the absence of such a statutory procedure. . . ." (Citations omitted; internal quotation marks omitted.) Id., 622-23.
The court further stated that "where there is in place a mechanism for adequate judicial review . . . it is the general rule that an administrative agency may and must determine whether it has jurisdiction in a particular situation. When a particular statute authorizes an administrative agency to act in a particular situation it necessarily confers upon such agency authority to determine whether the situation is such as to authorize the agency to act — that is, to determine the coverage of the statute — and this question need not, and in fact cannot, be initially decided by a court." (Internal quotation marks omitted.) Cannata v. Department of EnvironmentalProtection, supra, 215 Conn. 623.
In applying the exhaustion doctrine to an employment discrimination case, the court has stated that "the CFEPA [Connecticut Fair Employment Practices Act, General Statutes § 46a-51 et seq.] not only defines important rights designed to rid the workplace of discrimination, but also vests CT Page 8604 first-order administrative oversight and enforcement of these rights in the CHRO [Connecticut Commission on Human Rights and Opportunities]. It is the CHRO that is charged by the act with initial responsibility for the investigation and adjudication of claims of employment discrimination. That the act does not provide an unconditional private right of action for claimants like the plaintiff is underscored by the terms of General Statutes § 46a-99, which expressly provides such a direct right of action when the allegedly discriminatory employer is a state agency. The plaintiff, having failed to follow the administrative route that the legislature has prescribed for his claim of discrimination, lacks the statutory authority to pursue that claim in the Superior Court." Sullivan v. Board ofCommissioners, 196 Conn. 208, 216, 491 A.2d 1096 (1985).
In Carpenter v. Planning Zoning Commission, 176 Conn. 581,598, 409 A.2d 1029 (1979), the Supreme Court held that the exhaustion doctrine is violated "when party has a statutory right of appeal from the decision of an administrative agency," and, instead of appealing, [the party] bring[s] an independent action to test the very issue which the appeal was designed to test." See Richter v. Hoffman, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 083842 (June 11, 1991, Lewis, J.) (a party has a statutory right to appeal a decision of the CHRO.); General Statutes § 46a-94a (statute provides right of appeal to Superior Court from order of CHRO presiding officer.)
The exhaustion doctrine, however, has several exceptions.Cannata v. Department of Environmental Protection, supra,215 Conn. 628. "Like all other judicial doctrines, there are exceptions to the rule of exhaustion; however, we have recognized such exceptions only infrequently and only for narrowly defined purposes. . . . Among the exceptions is where recourse to the administrative remedy would be futile or inadequate. . . . An administrative remedy is futile or inadequate if the agency is without the authority to grant the requested relief." (Citations omitted; internal quotation marks omitted.) Id. The Supreme Court, however, has held that "[i]t is not the plaintiffs' preference for a particular remedy that determines whether the remedy before the agency is adequate;. . . and an administrative remedy, in order to be `adequate,' need not comport with the plaintiffs' opinion of what a perfect remedy would be." (Citation omitted.) Connecticut Mobile Home Assn., Inc. v. Jensen's, Inc.,178 Conn. 586, 590, 424 A.2d 285 (1979). CT Page 8605
The CHRO may not award attorney's fees and compensatory damages, including damages for emotional distress, for a violation of § 46a-60 (a)(1); Bridgeport Hospital v.Commission on Human Rights Opportunities, 232 Conn. 91, 93,101, 653 A.2d 782 (1995); nor may the CHRO award punitive damages. Chestnut Realty Inc. v. CHRO, 201 Conn. 350, 366,514 A.2d 749 (1986). Indeed, numerous courts have held that, when a plaintiff seeks one or more of these remedies, the relief that the CHRO can provide is inadequate and that a plaintiff need not pursue additional administrative remedies. See, e.g., Rood v.Canteen Corp., Superior Court, judicial district of Rockville, Docket No. 058263 (September 19, 1996, Potter, J.) (17 Conn. L. Rptr. 609); Griswold v. Blackburn Janitorial, L.L.C., Superior Court, judicial district of New London at New London, Docket No. 534256 (August 22, 1996, Hurley, J.); Devoid v. Mirror Polishing Plating Co., Superior Court, judicial district of Litchfield, Docket No. 067949 (November 27, 1995, Pickett, J.); Charbonneauv. United Grinding, Inc., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 468279 (November 20, 1995, Arena, J.); Cross v. Nearine, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 538675 (February 17, 1995, Wagner, J.); Seebeck v. McLaughlin ResearchCorporation, Superior Court, judicial district of New London at New London, Docket No. 530884, 13 CONN. L. RPTR. 490 (February 16, 1995, Hendel, J.); Stevens v. E. R. Champion Sons, Inc., Superior Court, judicial district of New London at New London, Docket No. 527449 (May 26, 1994, Hurley, J.); Turgeon v. Duplease, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 268840 (October 2, 1991, Spear, J.); Richter v. Hoffman, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 0838424 Conn. L. Rptr. 620 (June 11, 1991, Lewis, J.).
Other courts have ruled, however, that even if a plaintiff seeks relief that the CHRO cannot award, the plaintiff must first pursue a claim with the CHRO before filing a complaint in the superior court. See, e.g., Rappoport v. Life Gallery, Inc.,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324861 (January 28, 1997, Melville, J.); Rene v. TheInstitute, Inc., Superior Court, judicial district of Danbury, Docket No. 325074 (December 3, 1996, Moraghan, J.); Block v.Connecticut Distributors, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327673 (May 3, 1996, Levin, J.); Murphy v. Young, Superior Court, judicial district of New Haven at Meriden, Docket No. 244076 (November 22, 1995, Silbert, CT Page 8606 J.), aff'd, 44 Conn. App. 677, ___ A.2d ___ (1997); Doe v.Ambrogio, Superior Court, judicial district of New Haven at New Haven, Docket No. 375339 (November 14, 1995, Thompson, J.) (15 Conn. L. Rptr. 440). See also Davis v. Critikon, Inc., United States District Court, District of Connecticut, Docket No. 95-CV-1694 (September 20, 1996, Squatrito, J.).
In Murphy v. Young, supra, Superior Court, Docket No. 244076, this court held that "[a]lthough, as a general rule, a plaintiff need not exhaust administrative remedies if the agency lacks authority to grant the requested relief . . . this general rule does not excuse the plaintiff from turning first to CHRO to determine whether the remedies that the agency may afford will be adequate." (Citations omitted; internal quotation marks omitted.)Id. The court reasoned that "[t]he exhaustion requirement would be totally meaningless if all a plaintiff had to do to avoid the statutorily prescribed process was to add to its prayer for relief a remedy not available to it through CHRO." Id.
This court distinguished the cases that held that plaintiffs need not exhaust an inadequate administrative remedy on the basis that, in at least most of such cases, those plaintiffs first had filed claims with CHRO. The court observed that "[h]aving at least taken the initial step of going to CHRO, these plaintiffs were permitted to pursue in Superior Court relief not available to them through that agency without being first required to appeal the CHRO decision. In this case, of course, the plaintiff did not even file a complaint with CHRO to see whether an adequate remedy might be available to her." Id. In Charbonneau v.United Grinding, Inc., supra, Superior Court, Docket No. 468279, the court explained that "[t]he rationale behind the exhaustion doctrine is to let the experience of the administrative agency have the first attempt at resolving these claims. After the plaintiff has made a good faith effort at the administrative process, as the plaintiff did here, then it is up to the court to provide an avenue for the relief the administrative agency is unable to award. In the case at hand, after the plaintiff's complaint was dismissed by CHRO, any further appeal or reconsideration would have been futile. The plaintiff's good faith attempt at the administrative process does not leave him without relief."
Thus, cases in which courts have dismissed civil actions on the basis of failure to exhaust administrative remedies generally involve plaintiffs who had not filed any claim with the CHRO CT Page 8607 prior to filing the civil action, or who had not waited for a decision from the CHRO and failed to obtain a release to sue. SeeRappoport v. Life Gallery, Inc., supra, Superior Court, Docket No. 324861; (the plaintiff failed to obtain a release from, the CHRO); Rene v. The Institute, Inc., supra, Superior Court, Docket No. 325074; (the plaintiff never filed a claim with the CHRO);Block v. Connecticut Distributors, supra, Superior Court, Docket No. 327673; (the plaintiff did not receive a release from the CHRO); Doe v. Ambrogio, supra, Superior Court, Docket No. 375339; (the plaintiff had filed a complaint with the CHRO which had not been acted on when the court made its decision). (But see Davisv. Critikon, supra, where the court held, in part, that the 1, plaintiff, whose complaint was dismissed by the CHRO, failed to exhaust administrative remedies because she failed to appeal the denial of her motion for reconsideration.)
Many, although not all, of the cases that have allowed a plaintiff to pursue an action in the Superior Court for remedies unavailable through CHRO have involved plaintiffs who had at least filed a claim with the CHRO prior to filing an independent civil action. See Rood v. Canteen Corp., supra, Superior Court, Docket No. 058263; (the CHRO dismissed the plaintiff's claim);Devoid v. Mirror Polishing Plating Co., supra, Superior Court, Docket No. 067949; (the plaintiff filed a claim with CHRO but later withdraw it and filed suit instead); Charbonneau v. UnitedGrinding, Inc., supra, Superior Court, Docket No. 468279; (the plaintiff brought a claim to CHRO and did not appeal the CHRO's dismissal); Seebeck v. McLaughlin Research Corporation, supra, Superior Court, Docket No. 530884; (the plaintiff's complaint with the CHRO was pending at the time of the court's decision);Richter v. Hoffman, supra, Superior Court, Docket No. 083842; (the plaintiff did not appeal the CHRO's decision to dismiss the plaintiff's complaint). But see, Griswold v. BlackburnJanitorial, L.L.C., supra, Superior Court, Docket No. 534256; (the plaintiff did not first pursue a claim with the CHRO); Crossv. Nearine, supra, Superior Court, Docket No. 538675; (the plaintiff did not file a complaint with the CHRO);
The principle that appears to emerge from all of these cases is that plaintiffs seeking remedies not available through CHRO need not fully exhaust the complete panoply of their available administrative remedies if they have at least filed a complaint with CHRO and given that agency an opportunity to address it before filing suit. Where a plaintiff seems to be deliberately by-passing CHRO by asserting claims for relief that CHRO may not CT Page 8608 grant, the exhaustion doctrine should apply. If the plaintiff has at least made a good faith effort to allow CHRO to try to resolve his or her complaint, and, after that agency's decision, the plaintiff still seeks remedies that CHRO is unable to provide, he or she should not be compelled to continue to pursue a futile administrative course but should be allowed to turn to the courts. This approach is faithful to the basic principles of the exhaustion doctrine and prevents would-be plaintiffs from simply engaging in an end run around the agency by reciting a demand for remedies that the agency can not provide.
The plaintiff in the present case did file a claim with CHRO, providing that agency with the opportunity to address her complaint. The agency dismissed the claim and denied the plaintiff's request for reconsideration. In light of the fact that the plaintiff requests relief that the CHRO cannot grant, any further efforts to pursue an administrative remedy would be futile. Accordingly, the plaintiff has sufficiently pursued the administrative remedies available to her and need not undertake further and futile steps to exhaust them totally before turning to the courts. This court therefore has subject matter jurisdiction over this action, and the motion to dismiss is denied.
Jonathan E. Silbert, Judge