[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I FACTS
The plaintiff, Gail Fulk, has filed a single-count complaint CT Page 9923 alleging that the defendants, Richard Lee, Stephen Lamont, Westview Associates, and Lee Lamont Realty, discriminated against the plaintiff in violation of section 46a-64c of the General Statutes. Specifically, the plaintiff alleges the following. The plaintiff holds a certificate under the federal Section 8 existing housing program, which provides a rent subsidy for low income tenants. On or about April 22, 1996, the plaintiff viewed an apartment at 100 West Street in Vernon, Connecticut, which is owned by the defendants, Lee and Lamont, doing business as the defendant, Westview Associates. When she viewed the apartment, the plaintiff spoke with Liz Hildebrand, an employee of the defendant, Lee Lamont Realty, the rental agency for 100 West Street. The plaintiff indicated to Hildebrand that she receives a Section 8 subsidy. After the plaintiff filled out a rental application, the defendant, Lee Lamont Realty, rejected her application because she was unemployed.
The plaintiff alleges that the defendants denied her the opportunity to rent the apartment because of her status as a recipient of public assistance. She alleges that she has suffered emotional distress and has incurred transportation expenses and inconvenience in seeking another apartment.
The defendants move to dismiss the plaintiff's complaint on the ground that the court lacks subject matter jurisdiction because the plaintiff failed to pursue administrative remedies with Connecticut's commission on human rights and opportunities (CHRO) before filing this action. Pursuant to § 10-31 of the Practice Book, the defendants have filed a memorandum of law in support of their motion. The plaintiff has filed a memorandum in opposition.
 II
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v.State, 190 Conn. 622, 624, 461 A.2d 1322 (1983). "The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." Practice Book § 10-31(a). "Under our exhaustion of administrative remedies doctrine, a trial court lacks subject matter jurisdiction over an action that seeks a remedy that could be provided through an administrative proceeding, unless and until that remedy has been sought in the administrative forum. In the absence of exhaustion of that remedy, the action must be dismissed." (Citation omitted.) CT Page 9924Drumm v. Brown, 245 Conn. 657, 676, 716 A.2d 50 (1998).
"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Internal quotation marks omitted.) Simko v.Ervin, 234 Conn. 498, 503, 661 A.2d 1018 (1995). "[A]n administrative remedy is adequate when it could provide the plaintiff with the relief that it seeks and provide a mechanism for judicial review of the administrative decision." O GIndustries. Inc. v. Planning Zoning Commission,232 Conn. 419, 426, 655 A.2d 1121 (1995).
The defendants argue that § 46a-64c (f) of the General Statutes requires that the CHRO receive all housing discrimination complaints. Section 46a-64c (f) of the General Statutes provides that, "[n]otwithstanding any other provision of this chapter, complaints alleging a violation of this section shall be investigated within one hundred days of filing and a final administrative disposition shall be made within one year of filing unless it is impracticable to do so. If the [CHRO] is unable to complete its investigation or make a final administrative determination within such time frames, it shall notify the complainant and the respondent in writing of the reasons for not doing so."
It is determined that this statute, by necessary implication, concerns a complaint filed with the CHRO, rather than a civil action commenced pursuant to § 46a-98a. CHRO investigation and final administrative disposition follow the filing of a complaint with, the CHRO. General Statutes §§ 46a-82 and 46a- 83.
The defendants argue that § 46a-83 (d) of the General Statutes allows filing of a civil action only within twenty days after the CHRO finds reasonable cause. Section 46a-83 (d) of the General Statutes provides, in pertinent part, that "[i]f the investigator makes a determination that there is reasonable cause to believe that a violation of section 46a-64c has occurred, the complainant and the respondent shall have twenty days from receipt of notice of the reasonable cause finding to elect a civil action in lieu of an administrative hearing pursuant to section 46a-84. If either the complainant or the respondent requests a civil action, the commission, through the Attorney General or the commission counsel, shall commence an action CT Page 9925 pursuant to subsection (b) of section 46a-89. . . ."
Although the defendants argue that § 46a-83 (d) requires a finding of reasonable cause before the commencement of any civil action, it is found that § 46a-83 (d) requires such a finding only for commencement of a civil action pursuant to §46a-89 (b), a section governing the commissioner's petition for penalties in the Superior Court. Here, the plaintiff brings her action pursuant to § 46a-98a, a separate section providing for a direct cause of action by the aggrieved party. Section 46a- 98a requires the filing of the civil action within one year of the alleged discriminatory practice and does not limit the action based upon the plaintiff's filing of a complaint with the CHRO or based upon the CHRO's finding of reasonable cause. It is concluded, therefore, that § 46a-83 (d) is inapplicable.
The plaintiff argues that § 46a-98a of the General Statutes permits an independent right to bring an action for a violation of § 46a-64c in the Superior Court. Section 46a-98a
of the General Statutes provides, in pertinent part, that "[a]ny person claiming to be aggrieved by a violation of section 46a-64c
or 46a-81e or by a breach of a conciliation agreement entered into pursuant to this chapter, may bring an action in the Superior Court, or the housing session of said court if appropriate within one year of the date of the alleged discriminatory practice or of a breach of a conciliation agreement entered into pursuant to this chapter. No action pursuant to this section may be brought in the Superior Court regarding the alleged discriminatory practice after the commission has obtained a conciliation agreement pursuant to section 46a-83 or commenced a hearing pursuant to section 46a-84, except for an action to enforce the conciliation agreement."
Although some cases have addressed exhaustion where plaintiffs brought actions seeking remedies not available from the CHRO, none involve § 46a-98a's special provision for an action in the Superior Court. Denning v. AdmarketInternational, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 343964 (July 1, 1998,Melville, J.) (22 Conn. L. Rptr. 440); Fritz v.Guida-Fenton Opthamology Associates, Superior Court, judicial district of New Haven at New Haven, Docket No. 398021 (September 18, 1997, Silbert, J.) (20 Conn. L. Rptr. 448);Dinegar v. University of New Haven, Superior Court, judicial district of New Haven at New Haven, Docket No. 378256 CT Page 9926 (October 16, 1997, Silbert, J.). Still other cases address exhaustion in the context of other anti-discrimination statutes that do not provide for direct Superior Court actions.Matejek v. New England Technical Institute of Connecticut.Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 404320 (April 7, 1998, Blue, J.) (construing § 46a-100 and 46a-101, which govern complaints taken with the CHRO); Flanagan v. State, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 563942 (January 30, 1997, Allen, J.), motion to reargue denied (April 17, 1999, Allen, J.), motion to open denied (October 15, 1997, Allen, J.), (construing § 46a-58, which prohibits deprivation of rights, desecration of property, and cross burning, but does not provide for a direct action in the Superior Court).
Unlike other discrimination statutes, § 46a-98a does not expressly require the filing of a complaint with the CHRO, nor does it require the plaintiff to obtain a release from the CHRO before commencing an action in the Superior Court. The court notes General Statutes §§ 46a-100 and 46a-101.[1] Under § 46a-98a, the legislature has provided for a direct action to the Superior Court. The statute provides that the plaintiff must bring her action prior to the procurement of a conciliation agreement or the commencement of a hearing by the CHRO.
The legislative history reveals that the act adopting §46a-98a was not meant to preclude independent court actions on housing discrimination claims. 24 S. Proc., Pt. 5, 1981 Sess., pp. 1616-17. The bill's sponsor stated that "under existing law . . . the individual would have the right to go to court to seek the enforcement of the remedy. However, it is not the best type of litigation and many times, lawyers can't be found to take it. So this bill would give an aggrieved party theoption to file a complaint with the commissioner of, the [CHRO] instead of bringing suit directly and we give him the same rights that are available to private suit." Id. In addition, at the hearing before the judiciary committee, Rise Singer of the Urban League of Greater Hartford observed that under the new law, "in addition to the courts, tenants [would] have an alternate means of securing legal "action without the high costs of court action." Conn. Joint Standing Committee Hearings, Judiciary, Pt. 3, 1981 Sess., p. 743.
Although parties are generally required to exhaust CT Page 9927 administrative remedies, § 46a-98a of the General Statutes provides an exception to that general rule, authorizing plaintiffs to bring direct actions to the Superior Court without first filing complaints before the CHRO. Accordingly, the defendant's motion to dismiss is denied.
STENGEL, J.