JUDITH MURPHY *v.* PETER YOUNG ET AL.
(15565)

O'Connell, Foti and Landau, Js.

Argued January 24—officially released April 8, 1997

*Kimball Haines Hunt,* for the appellant (plaintiff).

*Michael P. McKeon,* for the appellees (defendants).

FOTI, J. The plaintiff appeals from the judgment dismissing her complaint. She claims that the trial court improperly determined, as a matter of law, that she had failed to exhaust her administrative remedies. We affirm the judgment of the trial court.

The following facts found by the trial court are relevant to this appeal. The defendant Area Cooperative Educational Services (ACES) hired the plaintiff in 1985 as a certified school psychologist. The plaintiff worked in that capacity and became tenured. In June, 1993, the named defendant, Peter Young, the executive director of ACES, notified the plaintiff that her position was to be eliminated. On July 8, 1993, the ACES governing board (board) voted to terminate her services and,

thereafter, the plaintiff was notified that her contract was not being renewed for the 1993–94 school year.

The plaintiff's employment was governed by the board, subject to the provisions of General Statutes § 10-151[1] and a collective bargaining agreement dated June 11, 1991, that prescribed the procedures that the board was to utilize to dismiss certified staff members.

Prior to her termination on July 8, 1993, the plaintiff, on May 17, 1993, notified Young of her need to undergo surgery for breast cancer. On May 20, 1993, Young gave the plaintiff notice of his intention to have the board terminate her employment based on an alleged decline in enrollment, budget modifications, and staff reductions that resulted in the need to eliminate her position. On May 27, 1993, however, Young formally advised the plaintiff by letter that if the board did terminate her contract, her seniority would make her eligible to displace a junior staff member. In response to this notice, on or about June 4, 1993, the plaintiff notified ACES in writing of her intention to displace a junior staff member on the basis of her seniority. On June 15, 1993, Young formally notified her that the board would convene on July 8, 1993, to consider termination of her contract.[2] On June 21, 1993, Young notified the plaintiff that he had overridden her seniority. On July 2, 1993, the plaintiff requested in writing that ACES set forth in writing reasons for the override. She was terminated six days later

[1] General Statutes § 10-151 is commonly known as the Teacher Tenure Act.

[2] This letter also stated: "While it is not my responsibility to do so, I would remind you that, under Section 10-151 of the General Statutes, you have certain rights.

"Within seven (7) days of your receipt of this letter, you may request, in writing, a statement as to the reason(s) for considering termination. Within twenty (20) days of your receipt of this letter, you may request, in writing, a hearing on this matter. These requests should be made to the ACES Governing Board . . . ."

with no written explanation for the override of her seniority.[3]

The plaintiff commenced this action by a four count complaint, alleging that her termination constituted a breach of her collective bargaining agreement, violated General Statutes § 10-151, violated Connecticut's Fair Employment Practices Act, General Statutes §§ 46a-58 (a) and 46a-60 (a), and constituted a tortious breach of the collective bargaining agreement. The defendant has failed to brief any claims relative to the third count of her complaint alleging that her termination "was a pretext to mask discrimination against a physically disabled person in violation of [General Statutes] Section 46a-58 (a) and Section 46a-60 (a) (1)." The plaintiff acknowledged during oral argument that she is making no claim on appeal regarding this count.[4]

In their motion to dismiss, the defendants alleged that the plaintiff had failed to pursue, much less exhaust, the administrative remedies available under the Teacher Tenure Act (act), General Statutes § 10-151.

"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. . . . The exhaustion doctrine reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local board's judgment. . . . It also relieves courts of the burden of pre-

---

[3] Young's authority to override an assertion of seniority, as set forth in articles XVII and XVIII of the collective bargaining agreement, is not being contested by the plaintiff. The plaintiff, however, claims that the reasons for the override were not competently demonstrated.

[4] The trial court found that the plaintiff did not file a complaint with the commission on human rights and opportunities pursuant to the Connecticut Fair Employment Practices Act, General Statutes § 46a-51 et seq.

maturely deciding questions that, entrusted to an agency, may receive a satisfactory administrative disposition and avoid the need for judicial review." (Citations omitted; internal quotation marks omitted.) *Simko* v. *Ervin*, 234 Conn. 498, 503–504, 661 A.2d 1018 (1995).

The sole and controlling legislative enactment with respect to the employment and termination of tenured teachers is the act. *LaCroix* v. *Board of Education*, 199 Conn. 70, 78, 505 A.2d 1233 (1986); see also *Kolenberg* v. *Stamford Board of Education*, 206 Conn. 113, 121, 536 A.2d 577 (1988). The plaintiff claims that as a tenured teacher she was aggrieved by her termination under General Statutes (Rev. to 1993) § 10-151 (f),[5] which provided in pertinent part: "Any teacher aggrieved by the decision of a board of education after a hearing as provided in subsection (d) of this section may appeal therefrom, within thirty days of such decision, to the superior court. . . ." Subsection (d) of the act requires that when a teacher is notified that termination of his or her contract is under consideration, that person file with the board within twenty days, a written request for a hearing, and that person is entitled to receive a hearing "before the board . . . or a subcommittee of the board . . . before an impartial hearing panel or . . . before a single impartial hearing officer chosen by both parties." The trial court found that the plaintiff had failed to request such a hearing. The trial court specifically found that the plaintiff's request that the board demonstrate the reasons for the override decision is not a request for a hearing as set forth under the act.

The plaintiff argues that it is the defendants' burden to establish that the plaintiff intentionally bypassed an administrative remedy, that she was entitled to a hearing in advance of Young's override and that, because there is no express mention of a hearing in connection

---

[5] Public Acts 1993, No. 93-58, designated subsection (f) as subsection (e).

with an override either in the statute or in the collective bargaining agreement, she should have been advised by the defendant of her right to a hearing. We find the plaintiff's arguments to be without merit on the issue of whether the trial court properly dismissed her action to contest her termination for lack of subject matter jurisdiction because of her failure to exhaust administrative remedies available under § 10-151.

An administrative remedy is adequate when it provides the plaintiff with the relief that she seeks and a mechanism for judicial review of the administrative decision. *Cannata* v. *Dept. of Environmental Protection*, 215 Conn. 616, 629, 577 A.2d 1017 (1990). The plaintiff had both notice of her right and the opportunity to request a hearing to contest her termination. Young's subsequent notification that the board's July 8 meeting was being held for the purpose of terminating her employment, coupled with Young's notification that he was overriding her seniority, served to place the plaintiff on notice that, if she wanted to protect her rights, she had to request a hearing as required by § 10-151.

The plaintiff alleged, in her fourth count, that her termination was a willful, intentional and tortious breach of the collective bargaining agreement. This challenge, sounding in tort, for wrongful discharge was properly dismissed. A tenured teacher's claim of wrongful discharge is governed by and limited to the statutory appeal process provided by § 10-151 (f) (now § 10-151 [e]). *Tomlinson* v. *Board of Education*, 226 Conn. 704, 730, 629 A.2d 333 (1993).

"[A]ccess to the courts under the Teacher Tenure Act is possible only on appeal of a decision of the board of education. . . . Our Supreme Court, however, has permitted the filing of separate actions against boards of education for breach of contract under limited circumstances. . . . [However, a litigant is not permitted]

to invoke common law contract remedies in complete disregard of available administrative relief." (Citations omitted; internal quotation marks omitted.) *Drahan* v. *Board of Education,* 42 Conn. App. 480, 491, 680 A.2d 316, cert. denied, 239 Conn. 921, 682 A.2d 1000 (1996). Where a statutory right of appeal from an administrative decision exists, an aggrieved party may not bypass the statutory procedure and instead bring an independent action to test the issue that the appeal was designed to test. The plaintiff seeks to challenge the allegedly wrongful termination of her employment contract; that challenge raises the same issue that the appeal mechanism, authorized under § 10-151 (f), was designed to test. *LaCroix* v. *Board of Education,* supra, 199 Conn. 78–79; *Drahan* v. *Board of Education,* supra, 492.

Here, the plaintiff failed to pursue a statutory remedy. She failed to seek a hearing before the board, thereby depriving it of the opportunity to review a matter within its province, and to prepare a proper record, if necessary, on which to seek judicial review in the event that the board in fact terminated her.[6] Because of the plaintiff's failure to comply with the general rule of exhaustion of administrative remedies before pursuing her action in the Superior Court, the trial court lacked subject matter jurisdiction.[7]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] When considering termination of a tenured teacher's employment contract, a school board acts as an administrative agency in a quasi-judicial capacity. *Tomlinson* v. *Board of Education,* supra, 226 Conn. 712. On appeal, the proper scope of review is that applicable to administrative appeals. Id.

[7] Insofar as the plaintiff may have attempted to raise a constitutional claim of deprivation of a property interest without due process, we conclude that the trial court lacked jurisdiction to consider it. See *School Administrators Assn.* v. *Dow,* 200 Conn. 376, 385, 511 A.2d 1012 (1986). The mere allegation of a constitutional violation will not excuse a party's failure to exhaust available administrative remedies. *Payne* v. *Fairfield Hills Hospital,* 215 Conn. 675, 680, 578 A.2d 1025 (1990).