[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The plaintiffs, Caroline Dinegar and Natalie Ferringer, faculty members at the defendant University of New Haven, have brought this action against the University, its president, provost and dean of the school of arts and sciences, claiming that the University's faculty performance evaluation procedures were improper and that they have been injured. Each plaintiff seeks to recover under theories of: 1) breach of contract; 2) negligent infliction of emotional distress; 3) intentional infliction of emotional distress; 4) age discrimination in violation of General Statutes § 46a-60; and 5) sex discrimination in violation of Title 46a of the General Statutes.
The defendants have now moved for summary judgment, claiming that there are no genuine issues of material fact in dispute and that they are entitled to a judgment as a matter of law. In particular, they claim that they are entitled to judgment on the breach of a contract counts because the plaintiffs failed to exhaust their administrative remedies; that they are entitled to a judgment on the negligent infliction of emotional distress claims because they are time barred; that they are entitled to summary judgment on both the negligent and intentional infliction of emotional distress claims because such claims are barred by the exclusivity provisions of the Workers' Compensation Act; and that they are entitled to judgment on the age and sex discrimination claims because the plaintiffs failed to exhaust administrative remedies by first filing complaints alleging discriminatory practices with the Connecticut Commission on Human Rights and Opportunities ("CHRO").
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no CT Page 10337 genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Practice Book § 384; Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994); Telesco v. Telesco, 187 Conn. 715,447 A.2d 752 (1982); Yanow v. Teal Industries. Inc., 178 Conn. 262,422 A.2d 311 (1979). A "material" fact is one which will make a difference in the outcome of the case; Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431,362 A.2d 857 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 160 Conn. 14, 273 A.2d 716 (1970);Dorazio v. M.B. Foster Electronic Co., 157 Conn. 226, 253 A.2d 22
(1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1980).
Once the moving party has submitted evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11-12;Farrell v. Farrell, 182 Conn. 34, 38 (1980); RuscoIndustries, Inc. v. Hartford Housing Authority, 168 Conn. 1, 5
(1975). It is not enough for the opposing party merely to assert the existence of such a disputed issue. "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380." Bartha v.Waterbury House Wrecking Co., supra, 190 Conn. at 12. "The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist." Kasowitzv. Mutual Construction Co., 154 Conn. 607, 613 (1967), quotingBoyce v. Merchants Fire Ins. Co., 204 F. Sup. 311, 314 (D.Conn. 1962); Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984).
The party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denial but must set forth specific facts showing that there is genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. CT Page 10338 Ct. 2505, 2514, 91 L.Ed.2d 202, 217 (1986), cited in Salomon v.Krusiewicz, 14 CLT 456 p. 31, 3 CSCR 84a (Super.Ct., New Britain, 10/6/88).
I. The Breach of Contract Claims
The breach of contract claims are based on the plaintiffs' contention that the defendants violated the Faculty Constitution, which serves as the contract between the University and its faculty, by implementing a "Faculty Performance Review and Merit System" ("the System"). The same contract, however, provides a procedure for dealing with faculty grievances. It is undisputed that the plaintiffs did not invoke, much less exhaust, this procedure. "It is well settled under both federal and state law that, before a resort to the courts is allowed, an employee must at least attempt to exhaust exclusive grievance and arbitration procedures, such as those contained in the collective bargaining agreement between the defendant and the plaintiffs' union . . . failure to exhaust the grievance procedures deprives the court of subject matter jurisdiction." (Citations omitted; internal quotation marks omitted.") Hunt v. Prior, 236 Conn. 421, 431
(1996); Labbe v. Pension Commission, 229 Conn. 801, 811 (1994).
A plaintiff may be excused from exhausting administrative remedies, however, if that remedy would be inadequate or futile.O G Industries, Inc. v. Planning Zoning Commission of BeaconFalls, 232 Conn. 419, 425-26 (1995). The plaintiffs contend that pursuing administrative remedies in this case would have been futile.
In support of this contention, the plaintiffs have introduced evidence to the effect that they made complaints to the defendants directly, but they have introduced no evidence tending to contradict the defendants' evidence to the effect that the grievance procedures specified in Article VI of the University Faculty Constitution were never invoked by the plaintiffs. Other than to allege their dissatisfaction with the results of their discussions with the named individual defendants, the plaintiffs have offered no evidence in support of their contention that pursuit of the grievance procedures provided by the Constitution would have been inadequate or futile. Merely alleging such a belief is not sufficient to excuse the plaintiffs from at least attempting to invoke their contractual and administrative remedies. CT Page 10339
The plaintiffs also contend that they are not required to exhaust grievance procedures provided for in their collective bargaining agreement when their cause of action arises under the state or federal constitution or a state statute. Hunt v. Prior,236 Conn. 421, 429, n. 22 (1993). General Statutes § 31-51bb
further states that "[no] employee shall be denied the right to pursue, in a court of competent jurisdiction, a cause of action arising under the state or federal constitution or under a state statute solely because the employee is covered by a collective bargaining agreement."
It is true that, for example, the plaintiffs' claims under Title 46a of our General Statutes, as asserted in the ninth, tenth, eleventh and twelve counts, are not barred by their failure to pursue grievance procedures provided for by the Faculty Constitution. As for remedies available to them pursuant to their contract with the University, however, they were first obliged to follow the procedures set forth within that agreement. The materials submitted both in support of and in opposition to summary judgment demonstrate conclusively that those procedures were not invoked, and the plaintiffs have therefore failed to exhaust their administrative remedies with respect to their breach of contract claims. Summary judgment is therefore entered in favor of the defendants with respect to counts one and two of the complaint.
II. Negligent Infliction of Emotional Distress
The defendants seek summary judgment with regard to the four counts sounding in negligent infliction of emotional distress based on their contention that the two-year statute of limitations for the tort of negligence, General Statutes §52-584, had already run before the August 22, 1995 institution of this action. Summary judgment may be granted where the claim is barred by the statute of limitations. Doty v. Mucci,238 Conn. 800 (1996). When a statute of limitations defense involves disputed factual questions, however, as is the situation in this case, summary judgment is inappropriate. Sharp v. Wyatt,31 Conn. App. 824, 855 (1993).
Although the defendants contend that the date on which the statute of limitations began to run occurred sometime during the spring of 1993, when the System first became an issue, the plaintiffs contend that the violation was a continuing one and that the plaintiffs did not discover the discriminatory nature of CT Page 10340 the defendants' acts until sometime in 1994. See Mercy v. State,211 Conn. 199 (1989) and Hamilton v. Smith, 773 F.2d 461 (2nd Cir. 1985). There are material issues of fact in dispute regarding the ate on which the statute of limitations began to run, and the defendants are not entitled to summary judgment on the basis of their statute of limitations defense.
III. Exclusivity of the Workers' Compensation Remedy
The defendants contend that both the negligent and intentional infliction of emotional distress counts (counts three through eight) are barred because such claims are covered by the Workers' Compensation Act, which provides the plaintiffs exclusive remedy. Jett v. Dunlap, 179 Conn. 215, 217 (1979). If a claim is covered by workers' compensation, that procedure provides the exclusive remedy. Nolan v. Borkowski, 206 Conn. 495,500 (1988).
There are exceptions to this basic rule, however, where the intentional acts of the employer caused the emotional harm or where the defendant directed or authorized the resultant harm.Iverson v. Atlas Pacific Engineering, 191 Cal.Rptr. 696, 703
(1983); Jett, supra, 179 Conn. at 219. There are facts in dispute with regard to the nature of the defendants' actions, and these disputed issues of fact render summary judgment inappropriate on the basis of the exclusivity of the remedies available under the Workers' Compensation Act.
IV. Age and Sex Discrimination
The defendants contend that this court lacks subject matter jurisdiction over counts nine through twelve, which allege age and sex discrimination, because the plaintiffs have failed to exhaust administrative remedies within the Connecticut Commission on Human Rights and Opportunities. ("CHRO"). It is indeed undisputed that the plaintiffs have not sought relief through CHRO, but they contend that they are excused from doing so because they seek remedies which CHRO is unable to award. For example, CHRO cannot award damages for emotional distress or for attorney's fees. Bridgeport Hospital v. Commissioner on HumanRights and Opportunities, 232 Conn. 91 (1995). The Agency also cannot award punitive damages. Seebeck v. McLaughlin ResearchCorp., 13 Conn. L. Rptr., No. 15490 (April 10, 1995).
The plaintiffs first contend that this issue has already been CT Page 10341 decided. On October 2, 1995, the defendants moved to dismiss these same counts based on exactly the same contentions. The court, Fracasse J., denied that motion on October 23, 1995, and, in response to a request to do so, filed an articulation on November 30, 1995. Judge Fracasse held:
 "CHRO does not have authority to award attorney's fees and compensatory damages, including damages for emotional distress. Bridgeport Hospital v. Commissioner on Human Rights and Opportunities, 232 Conn. 91. Therefore, plaintiffs need not exhaust administrative remedies through CHRO before instituting the present action. Sullivan v. Board of Police Commissioners, 196 Conn. 208; Simko v. Ervin, 234 Conn. 498, 503-508."
Articulation, p. 2.
The plaintiffs contend that this is the law of the case.Farmers and Mechanics Bank v. Kneller, 40 Conn. App. 115, 127
(1996). In the absence of new and overriding circumstances, judges follow the doctrine of the law of the case, State v.Hoffler, 174 Conn. 452, 462-63 (1978), and decline to reconsider what other judges have already decided. Messenger v. Anderson,225 U.S. 436, 444 (1912). While courts should generally adhere to the law of the case doctrine, however, under certain circumstances, it may be appropriate to revisit certain issues even if they have previously been decided by the same or another judge in the same case. Breen v. Phelps, 186 Conn. 86 (1982).
 The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked. See 18 Wright, Miller Cooper, Federal Practice and Procedure: Jurisdiction 4478. In essence it expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. New pleadings intended to raise again a question of law which has been already presented on the record and determined adversely to the pleader are not to be favored . . . . But a determination so made is not necessarily to be treated as an infallible guide to the court in dealing with all matters subsequently arising in the cause. The adoption of a different view of the law by a judge in acting upon a motion for summary judgment than that of his predecessor in considering such a motion or some other pretrial motion is a common illustration of this CT Page 10342 principle. (Internal quotation marks and citations omitted) (Id, pp. 99-100).
It has now been two years since Judge Fracasse denied the motion to dismiss in this case. Since that time, numerous trial courts have considered the applicability of the exhaustion doctrine to employment discrimination cases in a variety of contexts, and a large number of these have resulted in published decisions. Thus, even though neither our Supreme Court nor our Appellate Court has addressed the precise issue raised by this portion of the present motion for summary judgment, there is an increasing body jurisprudence available. Aided by the benefit of having all these cases at this court's disposal, this appears to be one of those cases where, despite an earlier court ruling on the same issue, it is appropriate for this court to revisit a decided issue in light of more recent developments.
This court had its first opportunity to examine the exhaustion doctrine in Murphy v. Young, No. CV93-0244076,1995 Ct. Sup. 13246 (judicial district of New Haven at Meriden, November 22, 1995, Silbert J.). In this case, decided, coincidentally shortly after Judge Fracasse's denial of the motion to dismiss in this case and shortly before his articulation of that decision, this court was confronted with an argument by the plaintiff, a teacher, that she was not required to exhaust administrative remedies pursuant to the Connecticut Fair Employment Practices Act (FEPA) because CHRO had no authority to grant punitive damages, a remedy which she sought in her Superior Court action. After reviewing the arguments on this point, this court concluded:
 The exhaustion requirement would be totally meaningless if all a plaintiff had to do to avoid the statutorily prescribed process was to add to its prayer for relief a remedy not available to it through CHRO. In this case all the remedies the plaintiff now seeks, except punitive damages and attorney's fees, are ones which would have been available had she pursued a complaint with CHRO. While the remedies that would have been available to her might not have exhausted the full range of potential remedies that she may have wished to pursue, this is not necessarily the same thing as saying that the available remedies were "plainly inadequate" as a matter of law. Id., p. 13253.
This decision was affirmed on appeal, 44 Conn. App. 677 (1997), CT Page 10343 although the only issue raised in that appeal was this court's dismissal of the complaint on the further ground that the plaintiff had failed to exhaust administrative remedies available to her under the Teacher Tenure Act (General Statutes § 10-151).
Over the past two years, as has been previously indicated, numerous Superior Courts have had to grapple with the issue of the exhaustion requirement in the context of age and sex discrimination cases. Most recently, this court had occasion to reconsider the issue in Ellen Fritz v. Guida-Fenton OphthalmologyAssociates. et al, Docket No. CV97-0398021-S (judicial district of New Haven, September 17, 1997, Silbert, J.). In that case, the plaintiff had filed a complaint with CHRO, which dismissed he complaint and denied her request for reconsideration. She did not appeal these decisions, but rather turned to the Superior Court, and the defendants moved to dismiss because she did not fully exhaust her administrative remedies. This court reviewed all the reported decisions it could find on this subject matter[1] and concluded that those cases in which courts have dismissed civil actions on the basis of failure to exhaust administrative remedies generally involve plaintiffs who had not filed any claim at all with CHRO prior to filing the civil action, or who had not waited for a decision from CHRO and failed to obtain a release to sue. See, e.g. Rappoport v. Life Gallery, Inc., supra, Superior Court, Docket No. 324861; (the plaintiff failed to obtain a release from the CHRO); Rene v. The Institute, Inc., supra, Superior Court, Docket No. 325074; (the plaintiff never filed a claim with the CHRO); Block v. Connecticut Distributors, supra, Superior Court, Docket No. 327673; (the plaintiff did not receive a release from the CHRO); Doe v. Ambrogio, supra, Superior Court, Docket No. 375339; (the plaintiff had filed a complaint with the CHRO which had not been acted on when the court made its decision). (But see Davis v. Critikon, supra, where the court held, in part, that the plaintiff, whose complaint was dismissed by the CHRO, failed to exhaust administrative remedies because she failed to appeal the denial of her motion for reconsideration.)
Many, although not all, of the decisions that have allowed a plaintiff to pursue an action in the Superior Court for remedies unavailable through CHRO have involved plaintiffs who had at least taken the step of filing a claim with the CHRO prior to filing an independent civil action. See Rood v. Canteen Corp.,
supra, Superior Court, Docket No. 058263; (the CHRO dismissed the plaintiff's claim); Devoid v. Mirror Polishing Plating Co.,
CT Page 10344 supra, Superior Court, Docket No. 067949; (the plaintiff filed a claim with CHRO but later withdraw it and filed suit instead);Charbonneau v. United Grinding, Inc., supra, Superior Court, Docket No. 468279; (the plaintiff brought a claim to CHRO and did not appeal the CHRO's dismissal); Seebeck v. McLaughlin ResearchCorporation, supra, Superior Court, Docket No. 530884; (the plaintiff's complaint with the CHRO was pending at the time of the court's decision); Richter v. Hoffman, supra, Superior Court, Docket No. 083842; (the plaintiff did not appeal the CHRO's decision to dismiss the plaintiff's complaint). But see, Griswoldv. Blackburn Janitorial, L.L.C., supra, Superior Court, Docket No. 534256; (the plaintiff did not first pursue a claim with the CHRO); Cross v. Nearine, supra, Superior Court, Docket No. 538675; (the plaintiff did not file a complaint with the CHRO);
The principle that appears to emerge from all of these cases is that plaintiffs seeking remedies not available through CHRO need not fully exhaust the complete panoply of their available administrative remedies if they have at least filed a complaint with CHRO and given that agency an opportunity to address it before filing suit. Where a plaintiff appears to be deliberately by-passing CHRO by asserting claims for relief that CHRO may not grant, however, the exhaustion doctrine should apply. If the plaintiff has at least made a good faith effort to allow CHRO to try to resolve his or her complaint, and, after that agency's decision, the plaintiff still seeks remedies that CHRO is unable to provide, he or she should not be compelled to continue to pursue a futile administrative course but should be allowed to turn to the courts. This approach is faithful to the basic principles of the exhaustion doctrine and prevents would-be plaintiffs from simply engaging in an end run around the agency by reciting a demand for remedies that he or she knows the agency is unable to provide.
Based on the above analysis, this court concludes that, although they have in this action claimed remedies not available to them through CHRO, the plaintiffs were at least obligated to make the effort to resolve their age and sex discrimination complaints with that Agency before turning to the courts. Had they made a good faith effort to do so and been rebuffed, they would have been excused from continuing to pursue futile appeals of negative decisions before turning to the courts. Their decision simply to bypass the Agency and submit their age and sex discrimination claims to the judicial system ignores the statutory mandate of the Connecticut Fair Employment Practices CT Page 10345 Act and deprives this court of jurisdiction over those claims. For these reasons, summary judgment is granted in favor of the defendants with respect to counts nine through twelve.
In summary, summary judgment is granted in favor of the defendants with respect to counts one, two, nine, ten, eleven and twelve. Summary judgment is denied with regard to the remaining counts.
Jonathan E. Silbert, Judge