[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS (No. 101)
This case raises an issue of the exhaustion of administrative remedies. "[A]s a general matter, the failure of a party to exhaust an available administrative remedy is a subject matter jurisdictional bar to a plenary action in court to test the same issue that the administrative remedy was designed to test."Loulis v. Parrott, 241 Conn. 180, 190-91, 695 A.2d 1040 (1997). Because the plaintiff here has failed to exhaust an available administrative remedy with respect to the first count of his complaint, that count must be dismissed.
The plaintiff claims that in 1996 he was a student at the defendant educational institution and was terminated as a result of his complaints about sexual harassment by an instructor. His complaint contains two counts. The first alleges a violation of Connecticut's statutory prohibition against discriminatory practices contained in Conn. Gen. Stat. §§ 46a-60 to 81r. The second count alleges intentional infliction of emotional distress. Only the first count is in question here.
The action was commenced on September 4, 1997. On November 7, 1997, the defendant filed the motion to dismiss now before the court. The motion was heard on March 30, 1998.
Several matters were clarified at the hearing. First, although the motion to dismiss is facially directed at the entire complaint, the defendant conceded that the motion is in fact directed only against the first count. Second, the plaintiff conceded that the cause of action contained in the first count is purely statutory in nature — i.e. it alleges a violation of Connecticut's discriminatory practices statutes rather than any common law tort claim. Finally, neither party submitted any evidence. The complaint alleges no attempt to file a complaint with the Commission on Human Rights and Opportunities ("CHRO") or to obtain a release from the CHRO to file a complaint in the Superior Court. It is clear from the arguments that no such attempt has been made. The question squarely presented is whether a claim of this description can be made directly to the Superior Court in the absence of a release. The answer to this question is in the negative.
The statutory scheme established by the legislature is a CT Page 4565 central factor in this analysis, for one of the principal rationales of the exhaustion doctrine is a judicial resolve "to effectuate the legislative intent." Loulis v. Parrott, supra,241 Conn. at 191. "Any person claiming to be aggrieved by an alleged discriminatory practice" is allowed to file a complaint with the CHRO. Conn. Gen. Stat. § 46a-82 (a). An administrative appeal may subsequently be taken to the Superior Court from the final decision of the CHRO. Conn. Gen. Stat. § 46a-94a(a). Alternatively, an original action may be filed in the Superior Court if the complainant has received a release from the CHRO. Conn. Gen. Stat. §§ 46a-100 46a-101. No statute allows a complainant to file an original action in the Superior Court in the absence of such a release. . he statutory scheme just described makes it clear that the legislature neither contemplated nor authorized such a procedure. If it were possible to file an original action in the Superior Court without a release there would be no point in requiring a release in the first place.
The plaintiff responds to this analysis by claiming that the remedy available from the CHRO is inadequate. "One of the limited exceptions to the exhaustion rule arises when recourse to the administrative remedy would be demonstrably futile or inadequate." Hunt v. Prior, 236 Conn. 421, 432, 673 A.2d 514
(1996). The plaintiff specifically points out that the CHRO is not authorized to award punitive damages, damages for emotional distress, and attorney's fees in discriminatory practice cases.Bridgeport Hospital v. Commission on Human Rights Opportunities, 232 Conn. 91, 653 A.2d 782 (1995). The plaintiff seeks damages of this description here. This fact does not, however, render the administrative remedy inadequate.
The adequacy of the administrative remedy here results from two different considerations. First, as already mentioned, a complainant may seek a release from the CHRO to file an original action in the Superior Court. The remedy limitations of which the plaintiff complains are imposed on the CHRO by Conn. Gen. Stat. § 46a-86. Sec. 46a-86 is not facially applicable to original actions filed in the Superior Court pursuant to a release. The precise remedies that the Superior Court may award in such an action need not be discussed here since this is not an action of that description and the plaintiff has not even attempted to bring one. A plaintiff who has not attempted to obtain a release, however, cannot complain that his administrative remedy is inadequate. See Murphy v. Young, 44 Conn. App. 677, 682, CT Page 4566692 A.2d 403 (1997). The legislature has plainly directed complainants who feel that their administrative remedy is inadequate to obtain releases prior to proceeding in the Superior Court. The failure of the plaintiff here to follow this direction is fatal.
There is a more fundamental issue at work here as well. The procedure that the plaintiff has elected to follow undermines the whole purpose of the administrative mechanism established to enforce Connecticut's laws against discriminatory practices. The CHRO has been created for the purpose of applying these laws in the first instance. "Accordingly, it is normally desirable to let the agency develop the necessary factual background upon which the decisions should be based. And since agency decisions are frequently of a discretionary nature or frequently require expertise, the agency should be given the first chance to exercise that discretion or to apply that expertise." McKart v.United States, 395 U.S. 185, 194 (1969). In the case of the CHRO, this discretion and expertise is, inter alia, to be used in identifying the complainants who may appropriately be given releases to file original actions in the Superior Court. The plaintiff has entirely bypassed that discretion and expertise. A judicial condonation of this procedure would undermine executive and administrative autonomy and cripple the effectiveness of ;his specific statutory remedy. See Green v. Wyman-Gordon Co.,664 N.E.2d 808 813 (Mass. 1996); Schroeder v. Texas Iron Works, Inc.,813 S.W.2d 483, 487 (Tex. 1991).
This last consideration bears directly on the plaintiff's inadequacy claim. Administrative remedies authorized by statute are not: inadequate simply because the plaintiff seeks additional relief. On the contrary, "Where, as here, a statute creates a right and prescribes a remedy, the statutory remedy is exclusive." Decorative Stone Co. v. Building Trades Council,23 F.2d 426, 428 (2d Cir.), cert. denied, 277 U.S. 594 (1928). "It is not the plaintiffs' preference for a particular remedy that determines whether the remedy before the agency is inadequate . . . and an administrative remedy, in order to be `adequate,' need not comport with the plaintiffs' opinion of what a perfect remedy would be." Connecticut Mobile Home Association,Inc. v. Jensen's Inc., 178 Conn. 586, 590, 424 A.2d 285 (1979). "The plaintiff may not choose its administrative remedy through the framing of its own complaint. If that were possible, the purpose of the exhaustion remedy would be thwarted." SavoyLaundry, Inc. v. Town of Stratford, 32 Conn. App. 636, 642,630 A.2d 159, cert. denied, 227 Conn. 931, 632 A.2d 704 (1993). CT Page 4567Accord Hunt v. Prior, supra, 236 Conn. at 434-35.
Because of the plaintiff's failure to exhaust his administrative remedies, the motion to dismiss the first count of his complaint must be granted.
Jon C. Blue Judge of the Superior Court