Gerald J. CATALANO, Plaintiff,

v.

BEDFORD ASSOCIATES, INC., Defendant.

No. CIV. 3:97CV1414 (PCD).

United States District Court, D. Connecticut.

April 29, 1998.

Kenneth A. Votre, John–Henry McKim Steele, Votre & Associates, New Haven, CT, for Plaintiff.

Kathleen N. Massey, Reboul, MacMurray, Hewitt, et al., New York, NY, Peter E. Gillespie, Westport, CT, for Defendant.

## RULING ON PENDING MATTERS

DORSEY, Senior District Judge.

This action stems from Defendant's termination of Plaintiff's employment on or about July 25, 1995. Plaintiff filed a seven-count complaint against Defendant in state court. Defendant removed the action and moved to dismiss and for a more definite statement. Plaintiff then filed an amended complaint. Defendant concedes that Plaintiff's amended complaint remedied some of the defects identified in Defendant's motions. Defendant's motions are denied as moot to the extent Defendant has withdrawn its objections. The remaining objections are addressed below.

## I. DISCUSSION

### A. Standard of Review

A motion to dismiss is properly granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Yale Auto Parts, Inc. v. Johnson,* 758 F.2d 54, 58 (2d Cir.1985) (*quoting Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). A motion to dismiss must be decided on the facts as alleged in the complaint. *Goldman v. Belden,* 754 F.2d 1059, 1065–66 (2d Cir.1985). All facts alleged in the complaint are presumed to be true and are considered in the light most favorable to the non-movant. *Williams v. Avco Lycoming,* 755 F.Supp. 47, 49 (D.Conn.1991).

Defendant moves to dismiss Plaintiff's state law discrimination claims on the basis of disability and age (Counts Two and Three), Plaintiff's claim of violation of the Connecticut Worker's Compensation Act ("WCA") (Count Four) and intentional and negligent misrepresentation claims (Counts Five and Six).

### B. State Discrimination Claims

■ Counts Two and Three of Plaintiff's Amended Complaint, in part, allege discrimination under state law. Defendant contends that Plaintiff has failed to meet the pleading requirements under C.G.S. § 46a–101(a) because he has not received a release from the Commission on Human Rights and Opportunities ("CHRO"). Plaintiff asserts that a release is not required because his complaint to the CHRO was dismissed. He contends that he has exhausted his administrative remedies and may bring this action.

■ Courts have subject matter jurisdiction over employment discrimination claims under the Connecticut Fair Employment Practices Act ("CFEPA"), C.G.S. § 46a–60, only if "(1) the plaintiff timely files a discrimination complaint with the CHRO ...; *and,* (2) the plaintiff obtains a release from the commission to file suit ...." *Luth v. Wal-Mart Stores, Inc.,* CV94–358488, 1995 WL 506076, at *5 (Conn.Super.Ct. Aug.18,

1995)(emphasis added). *See* C.G.S. § 46a–101. Subject matter jurisdiction does not exist where a plaintiff has not obtained a release from the CHRO, and has "therefore failed to comply with the clear and unambiguous statutory prerequisite embodied in General Statutes § 46a–101 ...." *Mehta v. Wiremold Co.,* CV94–0533970, 1995 WL 128222, at *2 (Conn.Super.Ct. Mar.15, 1995). The plain language of the CFEPA requires a plaintiff to file a complaint *and* obtain a release from the CHRO to bring an original action for discrimination in a judicial forum.[1]

■ Plaintiff also asserts, albeit conclusorily, that the CHRO cannot provide all of his requested relief and thus he was not required to exhaust his administrative remedies. Memo. Op., pp. 9–10. Absence of an adequate remedy is an exception to the exhaustion doctrine. *Cannata v. Department of Environmental Protection,* 215 Conn. 616, 628, 577 A.2d 1017 (1990). Generally, an administrative remedy is inadequate "if the agency lacks the authority to grant the requested relief." *Payne v. Fairfield Hills Hospital,* 215 Conn. 675, 680 n. 3, 578 A.2d 1025 (1990) (citation omitted).

■ In discrimination cases under the CFEPA, Connecticut's Superior Courts are split over application of an "adequate administrative remedy" exception to the exhaustion doctrine. The Connecticut Supreme Court has not addressed this issue. The better reasoned cases hold that a plaintiff must pursue his claim through the CHRO if the CHRO can provide some, even if not all, of the requested relief. *See Rappoport v. Life Gallery, Inc.,* No. 324861, 1997 WL 48879, at *2 (Conn.Super.Ct. Jan.28, 1997); *Rene v. The Institute,* No. 325074, 1996 WL 704360, at *4 (Conn.Super.Ct. Dec.3, 1996); *Webb v. Ethan Allen,* No. CV950147289S, 1996 WL 179873, at *4 (Conn.Super.Ct. Feb.23, 1996); *Murphy v. Young,* No. CV930244076, 1995 WL 731728, at *6 (Conn.Super.Ct. Nov.22, 1995), *aff'd,* 44 Conn.App. 677, 692 A.2d 403 (1997). The exhaustion requirement would be meaningless if a plaintiff could avoid the statutorily prescribed process by seeking a

---

1. Plaintiff's "right to sue" letter from the Equal Employment Opportunity Commission does not exhaust the administrative remedies in Title 46a of the General Statutes.

remedy unavailable through the CHRO. *See Murphy*, 1995 WL 731728, at *6.[2]

Plaintiff was required to exhaust his administrative remedies. This court lacks subject matter jurisdiction over plaintiff's CFEPA discrimination claim for his failure to procure a release from the CHRO. Accordingly, Defendant's motion to dismiss Counts Two and Three is GRANTED insofar as they allege a violation of the CFEPA.

### C. Intentional/ Negligent Misrepresentation Claims

Defendant moves to dismiss Plaintiff's claims for intentional and negligent misrepresentation on the ground that Plaintiff failed to plead fraud with particularity as required by Fed.R.Civ.P. 9. Plaintiff claims that a cause of action for misrepresentation is not subject to the heightened pleading requirements set forth in Rule 9. Alternatively, Plaintiff contends that he has pled his claims with sufficient particularity.

Intentional misrepresentation sounds in fraud and is subject to the Rule 9 heightened pleading requirements. *See Manela v. Gottlieb*, 784 F.Supp. 84, 87 (S.D.N.Y.1992); *Smith McDonnell Stone & Co. v. Delicato Vineyards*, No. 94Civ.6474, 1995 WL 375918, at * 5–6 (S.D.N.Y. June 22, 1995); *T.T. Exclusive Cars, Inc. v. Christie's Inc.*, No. 96Civ.1650, 1996 WL 737204, at *5 (S.D.N.Y. Dec. 24, 1996); *Silverberg v. People's Bank*, Civ. No. B–90–600, 1992 WL 195301, at *2 (D.Conn. April 7, 1992). Rule 9(b) has "also been found to apply to claims for negligent misrepresentation." *Simon v. Castello*, 172 F.R.D. 103, 105 (S.D.N.Y.1997). *See also Pilarczyk v. Morrison Knudsen Corp.*, 965 F.Supp. 311, 323 (N.D.N.Y.1997)("The particularity requirements of Rule 9(b) apply to claims of negligent misrepresentation"). Accordingly, Plaintiff's misrepresentation claims must satisfy Rule 9.

Rule 9 requires that "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Fed.R.Civ.P. 9(b). The complaint must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir.1993) (citation omitted). *Accord, Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 51 (2d Cir.1995). Facts must be alleged "that give rise to a strong inference of fraudulent intent." *Acito*, 47 F.3d at 52. Although state of mind may be averred generally, that is not a "license to base claims of fraud on speculation and conclusory allegations." *Id.* (citation and internal quotations omitted).

Plaintiff does not allege who made the alleged misrepresentations on behalf of Defendant—he states that they were made by his employer's "agents, servants and employees." Amended Complaint ¶ 51. He also fails to allege the circumstances under which the statements were made or when or where they were made. He vaguely, conclusorily alleges misrepresentations, which is insufficient under Rule 9. Accordingly, the motion to dismiss the claims of intentional and negligent misrepresentation is GRANTED.

### D. Workers' Compensation Act

Defendant moves to dismiss Count Four because Plaintiff has failed to allege that he was terminated for exercising his rights under the WCA.

Section 31–290a provides in pertinent part:

No employer ... shall discharge, or cause to be discharged, or in any manner discriminate against any employee *because the employee has filed a claim for workers' compensation benefits or otherwise exer-*

---

**2.** *But see, St. Germaine v. Ensign–Bickford Co.*, No. CV539310, 1997 WL 407895, at *7 (Conn.Super.Ct. July 10, 1997); *Griswold v. Blackburn Janitorial*, No. 534256, 1996 WL 497432, at *1 (Conn.Super.Ct. Aug. 22, 1996); *Dinegar v. University of New Haven*, No. 378256, 1995 WL 749533, at *1 (Conn.Super.Ct. Nov. 30, 1995); *Cross v. Nearine*, No. CV940538675S, 1995 WL 91411, at *6 (Conn.Super.Ct. Feb. 17, 1995); *Seebeck v. McLaughlin Research Corp.*, No. 530884, 1995 WL 80091, at *2 (Conn.Super.Ct. Feb. 16, 1995).

cised the rights afforded to him pursuant to the provisions of the of this chapter. C.G.S. § 31–290a(a)(emphasis added).

 Although a plaintiff is not required to actually file for workers' compensation to state a claim under the WCA, the plaintiff must exercise his WCA rights in some manner. *See Bundock v. Waste Management of Connecticut, Inc.*, No. CV920123903, 1993 WL 21246, at *1 (Conn.Super.Ct. Jan. 26, 1993); *M. Nguyen v. Newberry Industries, Inc.*, No. CV970571319, 1997 WL 746442, at *2–3 (Conn.Super.Ct. Nov. 14, 1997). It is sufficient if Plaintiff "announc[ed] to [his] employer [ ] a present intent to file [such] a [ ] claim in the future, which then precipitates a discharge from employment." *M. Nguyen*, 1997 WL 746442, at * 2. *Accord: Bundock*, 1993 WL 21246.

Plaintiff alleges that his various illnesses, alcoholism, disabilities and diseases are work-related for which he has a remedy under the WCA. Amended Complaint ¶ 41. Plaintiff contends that "Defendant knew or reasonably should have known that the Plaintiff had and has a valid workers compensation claim for the injuries and occupational disease he suffered during the course of his employment." *Id.* ¶ 42. He claims that he "was terminated as a direct result of his work-related occupational diseases and injuries in violation of Connecticut law," and that such termination "was designed to discourage Mr. Catalano's filing of a Workers Compensation claim and was designed to preclude the filing of a claim." *Id.* ¶ 44.

Nowhere does Plaintiff allege that he exercised his WCA rights. The WCA precludes discrimination based on an exercise of the rights protected under that act. Vague allegations that Defendant knew or reasonably should have known he had a claim are insufficient. Defendant must have known of Plaintiff's intent to file a worker's compensation claim to have terminated him for the exercise of that right. Accordingly, Defendant's motion to dismiss Count Four is GRANTED.

## II. CONCLUSION

For the foregoing reasons, Defendant's motions to dismiss [doc. # 10–1] and for a more definite statement [doc. # 10–2] are DENIED AS MOOT. Defendant's motion to dismiss the first amended complaint [doc. # 23] is GRANTED. However, in the interests of justice, Plaintiff shall have until May 18, 1998, within which to file a motion for leave to file a second amended complaint, with the proposed amended complaint attached, if such amendment will remedy the pleading defects identified herein.

SO ORDERED.