[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff is appealing from a decision of the defendant commissioner of the Connecticut Department of Motor Vehicles (DMV) suspending his motor vehicle operator's license for a period of two years.[1] The plaintiff is thus aggrieved by the decision and brings this appeal pursuant to the Uniform Administrative Procedure Act (UAPA) General Statutes § 4-166, et seq., § 4-183.
The plaintiff was arrested on January 11, 1998, in New Britain for operating under the influence in violation of General Statutes § 14-227b. A written report was forwarded by the New Britain Police to the DMV in accordance with § 14-227b(c). The DMV, by letter dated January 14, 1998, sent the plaintiff a suspension notice effective February 16, 1998, notifying him of his opportunity for a hearing. The letter informed the plaintiff that a hearing must be requested by January 21, 1998. The DMV suspension notice was sent both to the plaintiff's operator license address and the address reported by the police. The seven day period in which to request a hearing is mandated by statute; § 14-227b(d). The DMV received no timely request for a hearing and on January 28, 1998, sent the plaintiff a letter affirming the two year suspension effective February 10, 1998. The plaintiff filed this appeal on March 13, 1998, and moved for a stay of the suspension order. In his complaint, the plaintiff seeks a remand to the agency so he may contest the suspension. The plaintiff alleges that he was not notified of his right to a CT Page 7719 presuspension hearing, and he therefore did not have an opportunity to exhaust his administrative remedies.
At a hearing on the motion for stay, the plaintiff represented that he had not been notified at the address set forth in the police report. The DMV, based on this representation, agreed to a remand for a hearing. The DMV moved to vacate the remand agreement after learning of the notice to the plaintiff at both addresses. The court on April 6, 1998, heard the DMV's motion to set aside the remand order. The court, following an evidentiary hearing, granted the DMV's motion. The DMV on May 12, 1998, filed its motion to dismiss the appeal.
The court heard evidence in this case concerning the notice to the plaintiff. The court found that notice had been provided to the plaintiff at both addresses, and it is undisputed that he did not request a hearing within the time stated in the notice.
The DMV has moved to dismiss the plaintiff's appeal on the basis of a failure by the plaintiff to exhaust administrative remedies.
"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. We have frequently held that where a statute has established a procedure to redress a particular wrong a person must follow the specified remedy and may not institute a proceeding that might have been permissible in the absence of such a statutory procedure." Cannata v. Department of Environmental Protection,215 Conn. 616, 623 (1990). See also Owner-Operators IndependentDrivers Assn. v. State, 209 Conn. 679, 687 (1989).
The UAPA, under which the plaintiff proceeds, specifically provides that "[a] person who has exhausted all administrative rememdiesavailable within the agency . . .may appeal to the Supreme Court. . . ." (Emphasis added.) General Statutes § 4-183 (a).
The plaintiff's assertion that he has exhausted his administrative remedies because he no longer has a hearing available is without any merit. Our Appellate and Supreme Courts have addressed scenarios where persons have failed to take advantage of administrative proceedings prior to commencing actions in Superior Court. In Hunt v. Prior, 236 Conn. 421 (1996) the plaintiff-employee failed to exhaust collective bargaining CT Page 7720 grievance arbitration procedures. The court held: "Failure to exhaust the grievance procedure deprives the court of subject matter jurisdiction." Id., 431; see also Labbe v. PensionCommittee, 229 Conn. 801, 811 (1994). In Young v. Murphy,44 Conn. App. 677 (1997), a teacher failed to resort to the administrative proceedings available under the Teacher Tenure Act § 10-151, et seq. The Court affirmed the dismissal of the teacher's lawsuit, holding: "Here, the plaintiff failed to pursue a statutory remedy. She failed to seek a hearing before the board, thereby depriving it of the opportunity to review a matter within its province, and to prepare a proper record, if necessary, on which to seek judicial review. . . . Because of the plaintiff's failure to comply with the general rule of exhaustion of administrative remedies before pursuing her action in the Superior Court, the trial court lacked subject matter jurisdiction." Id., 681.
General Statutes § 14-227b(d) expressly provides: "Any person whose license is suspended in accordance with this subsection shall automatically be entitled to a hearing before the commissioner to be held prior to the effective date of the suspension. The commissioner shall send a suspension notice to such person informing such person that his operator's license . . . is suspended as of a date certain and that he is entitled to a hearing prior to the effective date of the suspension and may schedule such hearing by contacting the [DMV] not later than seven days after the date of mailing of such suspension notice." General Statutes § 14-227b(e) provides: "If such person does not contact the department to schedule a hearing, the commissioner shall affirm the suspension contained in the suspension notice for the appropriate period. . . ." This court has already found that the notice was mailed to the plaintiff at both addresses and that the plaintiff failed to contact the department within the time specified in the notice. The plaintiff has failed to exhaust his administrative remedy, and has not demonstrated that this case falls within any of the exceptions to the exhaustion doctrine.
An appeal under the UAPA pursuant to § 4-183(i) "shall be confined to the record." In this case, with no administrative hearing there is only the briefest record of correspondence. The plaintiff has failed to take advantage of his opportunity for a hearing; he has thus forfeited his right to Superior Court review. The plaintiff claims that the DMV's suspension of his license without a hearing violates both the federal and state due CT Page 7721 process clauses. However, the DMV provided both notice and opportunity for hearing prior to the suspension. This was all that was constitutionally required. See Joyell v. Commissioner ofEducation, 45 Conn. App. 476, 482-83, cert. denied, 243 Conn. 910
(1997); Bell v. Burson, 402 U.S. 535, 542 (1971).
The appeal is dismissed.
Robert F. McWeeny, J.