[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Nicholas Biello, filed a three count complaint on September 27, 1999. The first count sounds in breach of implied contract, quantum meruit and unjust enrichment. The plaintiff alleges that he was employed by the defendant, the Town of Watertown, a municipal corporation, in either its Engineering Department or Water Sewer Authority. The plaintiff alleges that located within the Town of Watertown is the Watertown Fire District with its own Water and Sewer Authority and its own employees who performed essentially the same duties as the Town's Engineering Department and Water and Sewer Authority (WSA).
The plaintiff alleges that in July 1992, the plaintiff held the position of Water and Sewer Technician, which job title changed to Water and Sewer Supervisor (Supervisor). The plaintiff alleges that the position was made subject to the Collective Bargaining Agreement (CBA) between the Town of Watertown and the CSEA, Inc./SEIU, AFL-CIO, Local 760 (Union). The plaintiff further alleges that in July 1994, the defendant decided to return to its original management plan, and job descriptions were reestablished, including the position of Superintendent and Assistant Superintendent of the WSA. The plaintiff alleges that he accepted the position of Assistant Superintendent based upon the representation that the defendant would use the "rational base method" in setting the salary of the WSA employees by comparing salaries to those earned by the employees of the Fire District. The plaintiff alleges that, rather than setting the salary for the plaintiff's position through these past practices, the Town Manager wrongfully attempted to set the salary by negotiating with the Union, and adopted a strategy to ensure that bargaining would fail. The plaintiff further alleges that from July 1994, to July 1996, the plaintiff performed the duties of CT Page 3910 Assistant Superintendent, but only received the salary for a WSA Supervisor position, and that in July 1996, the defendant unilaterally and without just cause changed the plaintiff's job description to Supervisor. The plaintiff alleges that he continues to perform the duties of Assistant Superintendent, even though the position is no longer recognized, and that the plaintiff is only compensated for the position of Supervisor.
The plaintiff further alleges in the first count of the complaint that he was forced to file a union grievance on February 10, 1997, because he was wrongfully denied pay while on duty, and another union grievance on February 19, 1997, when the plaintiff was wrongfully reprimanded by his supervisor. The plaintiff alleges that in May 1997, the plaintiff reported to his supervisor that he was unable to work due to job related stress, and produced a doctor's note explaining his absence from employment, but the defendant refused to pay the plaintiff for the period of absence and the plaintiff filed grievances through the collective bargaining process to receive pay for the days that the plaintiff was absent and suspended, and to remove adverse disciplinary action taken against the plaintiff by his immediate supervisor. The plaintiff alleges that he filed for worker's compensation because he was unable to fully perform his duties, which became a source of contention with the plaintiff's immediate supervisor and the Town Manager, and to which the plaintiff attributes other unfair treatment.
The plaintiff further alleges that in September 1997, the Acting Town Manager began negotiations with the plaintiff in order to secure his retirement, but the negotiations broke down when the plaintiff declined the proposal to transfer the plaintiff's retirement funds from one account to another. The plaintiff alleges that in February 1998, the plaintiff met with the Acting Town Manager to resolve all pending employment issues, including combining the plaintiff's pension funds upon his retirement, crediting the plaintiff for vacation time carryover, and paying the plaintiff for the salary difference between the positions of Supervisor and Assistant Superintendent. The plaintiff alleges that in March, 1998, the Town Manager sought to secure additional terms, and that the plaintiff indicated his acceptance of the agreement and that he would retire in August 1998 subject to ratification of the agreement by the WSA as required by the retirement agreement, the verification of retirement figures by the Town of Watertown, and the right of either party to address the WSA and/or Council in executive CT Page 3911 session. The plaintiff further alleges that in October 1998, the Town manager told the plaintiff that the plaintiff must retire in order to receive the employment benefits of the retirement agreement, thereafter withdrew the defendant's retirement agreement offer, and stated that the Town Manager claimed he was without authority to adjust the plaintiff's salary. The plaintiff alleges that in June 1999, the Town Manager refused the plaintiff's request to negotiate further with respect to the salary adjustment issue.
In the second count, the plaintiff alleges that the defendant breached the implied covenant of good faith and fair dealing because the defendant failed to negotiate in good faith concerning the terms and conditions of the plaintiff's employment, failed to treat similarly-situated employees equally, and failed to pay a salary commensurate with the plaintiff's experience.
The defendant filed a motion to dismiss counts one and two of the plaintiff's complaint on November 4, 1999, and a memorandum of law pursuant to Practice Book § 10-31. On December 2, 1999, the plaintiff filed an objection to the motion to dismiss and a memorandum of law pursuant to Practice Book § 10-31. The defendants filed a reply brief to the plaintiff's objection on December 17, 1999.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurlacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether in the face of the record, the court is without jurisdiction." Upsonv. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). Specifically, "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46
n. 13, 668 A.2d 1314 (1995). "Under the exhaustion of administrative remedies doctrine, a trial court lacks subject matter jurisdiction over an action that seeks a remedy the could be provided through an administrative proceeding, unless and until that remedy has been sought in the administrative forum. . . . In the absence of exhaustion of that remedy, the action must be dismissed." (Citation omitted.) Drumm v. Brown,245 Conn. 657, 676, 716 A.2d 50 (1998) CT Page 3912
The defendant moves to dismiss counts one and two on the ground that the plaintiff has failed to exhaust his administrative remedies within the CBA. "Whether a dispute is grievable under a collective bargaining agreement depends on the proper interpretation of the agreement." Mendillo v. Board ofEducation of the Town of East Haddam, 246 Conn. 456, 476,717 A.2d 1177 (1998). Yet, "[u]nions and their employers have broad contractual authority to provide administrative remedies for disputes arising out of the employment relationship. " Gemmell v.New Haven, 32 Conn. App. 280, 282, 628 A.2d 1331 (1993). The defendant argues that the plaintiff acknowledges that he is a member of the bargaining unit, and that he has utilized the bargaining unit to process grievances in the plaintiff's complaint. The plaintiff argues that Article I of the CBA, which states that the CBA applies to supervisory employees, does not recognize the position of Assistant Superintendent of the WSA. The position of Assistant Superintendent is recognized by the CBA because the plaintiff indicated in the complaint that the job description for the plaintiff's initial position of Supervisor was made subject to the CBA, and that the plaintiff's position of Assistant Superintendent was reestablished when the defendant decided to return to its original management plan, (Complaint, ¶¶ 3, 4), and because the plaintiff has filed grievances since he has been employed as Assistant Superintendent. (Complaint, ¶¶ 16, 17, 19, 24)
The plaintiff also argues that the defendant and Union officials have made it clear to the plaintiff that they would not bargain any further. Nevertheless, the plaintiff has not alleged that he exhausted his administrative remedies in coming to this conclusion, or that he followed grievance procedures as indicated in Article V of the CBA. Rather the plaintiff only alleges that the Town Manager refused the plaintiff's request to negotiate further with respect to the salary adjustment issue, so as to leave the plaintiff with no redress with resort to the CBA. "It is well settled under both federal and state law that, before resort to the courts is allowed, an employee must at least attempt to exhaust exclusive grievance and arbitration procedures, such as those contained in the collective bargaining agreement . . . Failure to exhaust the grievance procedures deprives the court of subject matter jurisdiction. . . . The purpose of the exhaustion requirement is to encourage the use of grievance procedures, rather than the courts, for settling disputes. A contrary rule which would permit an individual CT Page 3913 employee to completely sidestep available grievance procedures in favor of a lawsuit has little to commend it. . . . [I]t would deprive employer and union of the ability to establish a uniform and exclusive method for orderly settlement of employee grievances. If a grievance procedure cannot be made exclusive, it loses much of its desirability as a method of settlement. A rule creating such a situation would inevitably exert a disruptive influence upon both negotiation and administration of collective [bargaining] agreements." (Citations omitted; internal quotation marks omitted.) Hunt v. Prior, 236 Conn. 421, 431-32,673 A.2d 514 (1996)
The plaintiff finally argues that, because the Town of Watertown and Union officers have indicated that they will not bargain any further, any recourse through the CBA would be futile. "One of the limited exceptions to the exhaustion rule arises when recourse to the administrative remedy would be demonstrably futile or inadequate." Hunt v. Prior, supra,236 Conn. 432. "An administrative remedy is adequate when it provides the plaintiff with the relief that she seeks and a mechanism for judicial review of the administrative decision. Cannata v. Dept. of Environmental Protection, 215 Conn. 616, 629, 577 A.2d 1017
(1990)." Murphy v. Young, 44 Conn. App. 677, 681, 692 A.2d 403
(1997). "[I]t is futile to seek tan administrative] remedy only when such action could not result in a favorable decision and invariably would result in further judicial proceedings." Hunt v.Prior, supra, 236 Conn. 433. Seeking remedies that are not available under the CBA is not considered to be outside the scope of the availability of a favorable administrative decision. "A contrary conclusion would allow an employee covered by a collective bargaining agreement to circumvent the contract's grievance mechanism seeking relief outside the scope of that agreement. Such a result would undermine the state's policy favoring recourse to contract grievance procedures as a means of dispute resolution." Id., 435. Consequently, the court finds that the plaintiff has not adequately alleged that the administrative remedy provided in the CBA would be inadequate or futile.
Since the plaintiff has not exhausted his administrative remedies, the motion to dismiss counts one and two of the plaintiff's complaint is granted.
SANDRA VILARDI LEHENY, J. CT Page 3914